JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ligato, Michael

## DEFENDANTS
Wells Fargo Bank, N.A.
Rumpf, Joseph

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Offices of James W. Sutton, III
1014 Mill Creek Drive
Feasterville, PA 19053  (215) 364-7900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** — **LABOR** | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud / ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending / ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage / ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability / ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** / ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** / **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other / ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights / ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1331 and 1332(a)

Brief description of cause:
Wrongful assault of Plaintiff causing injuries and wrongful incarceration.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 10/26/16
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MICHAEL LIGATO | : | CIVIL ACTION |
| v. | : | |
| WELLS FARGO BANK, N.A. and | : | |
| JOSEPH RUMPF | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| 10/26/16 | James W. Sutton, III | Attorney for Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | |
| (215) 364-7900 | (215) 355-3204 | jsutton@jwslaws.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 9888 Garvey Drive, Philadelphia, PA 19114

Address of Defendant: 123 S. Broad Street, Philadelphia, PA 19109; 1242 Bristol Pike, Bensalem, PA 19020

Place of Accident, Incident or Transaction: 1242 Bristol Pike, Bensalem, PA 19020
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) assault

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, James W. Sutton, III, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 10/26/16                            _____       90170
                                               Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/26/16                            _____       90170
                                               Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LIGATO<br>9888 Garvey Drive<br>Philadelphia, PA 19114, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | DOCKET No.: |
| WELLS FARGO BANK, N.A.<br>123 South Broad Street<br>Philadelphia, PA 19109, | : | |
| And | : | |
| JOSEPH RUMPF<br>c/o Wells Fargo<br>1242 Bristol Pike<br>Bensalem, PA 19020, | : | |
| Defendants. | : | |

### COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, by way of Complaint against the Defendants, says:

### Count I – Parties, Jurisdiction and Venue

1. Plaintiff, Michael Ligato, is an adult individual residing at 9888 Garvey Drive, Philadelphia, PA 19114, and at all times relevant to this matter he was and is a citizen of the Commonwealth of Pennsylvania.

2. Defendant Wells Fargo Bank, N.A. (Hereinafter referred to as "Wells Fargo") is a foreign corporation that does business in the State of Pennsylvania, with a business address of 123 South Broad Street, Philadelphia, PA 19109.

3. Defendant Joseph Rumpf, was a Manager at the Wells Fargo Bank located at 1242 Bristol Pike, Bensalem, PA 19020, who assaulted the Plaintiff, as more particularly described hereinbelow.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1332(a), because there is diversity of citizenship, the allegations contained herein involve Federal questions and alleged violations of Federal laws, standards and policies, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Count II - Facts

5. On or about May 7, 2015, Plaintiff Michael Ligato was a lawful invitee and patron at the Wells Fargo Bank located at 1242 Bristol Pike, Bensalem, PA 19020 (the "Bank") for the purpose of performing his banking.

6. On or about May 7, 2015, Plaintiff Michael Ligato was an invitee at the Bank when he was seriously and permanently injured, when he was assaulted by Wells Fargo employee, Defendant Joseph Rumpf.

7. As a direct result of the assault by Defendant Rumpf, Plaintiff Mr. Ligato suffered serious and permanent bodily injuries, was unlawfully and improperly incarcerated, and suffered significant personal injuries as well as economic damages.

8. As a further direct result of the assault described above, and the false and misleading testimony of the Defendant Wells Fargo's employees, including but not limited to Defendant Rumpf, Plaintiff Mr. Ligato was wrongfully incarcerated.

## Count III – Negligence – Wells Fargo

9. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

10. At the time and place aforesaid, Defendant Wells Fargo owed a duty to Plaintiff as an invitee who was lawfully a patron at the Bank, including, but not limited to, the prevention of a physical attack/assault.

11. At the time and place aforesaid, Defendant Wells Fargo, owned, leased, and/or operated said premises negligently, in such a fashion that they failed to provide appropriate security and/or take appropriate measures to ensure the safety of its patrons resulting in severe and permanent injuries to the Plaintiff.

12. Defendants Wells Fargo acted negligently by:

A. Failing to adequately and properly staff the Bank on the date in question;

B. Failing to properly hire, supervise and train agents, servants and employees responsible for operating and controlling the Bank on the date in question;

C. Failing to protect Plaintiff, a business invitee, from the dangers presented by its employee, Defendant Rumpf;

D. Failing to act quickly and rescue Plaintiff from Defendant Rumpf despite the fact Defendants' conduct created the situation in which Plaintiff was injured;

E. Failing to call the local police department within a reasonable amount of time when they became aware of the physical danger in which their conduct placed Plaintiff;

F. Failing to provide proper supervision of the area in which Plaintiff suffered his extensive injuries;

  G. Failing to perform an adequate investigation, including without limitation, obtaining video recordings of the assault;

  H. Failure for other Wells Fargo employees to take any actions to stop the assault and/or accurately explain to the police what happened; and

  I. Failing to properly monitor the area where the assault took place, including without limitation, monitoring the area in the Bank with video cameras.

  13. As a direct and proximate result of the negligence of Defendant Wells Fargo as aforesaid, Plaintiff has suffered serious and permanent injuries, he has suffered and will in the future suffer great pain; he has and will be in the future be forced to expend large sums of money for medical care and attention; he has lost and will lose in the future large sums of money for wages; he has been and will in the future be unable to pursue his normal daily activities as before; and he was wrongfully detained and incarcerated.

  14. As a direct and proximate result of Defendant Wells Fargo's actions or inactions as aforesaid, Plaintiff sustained severe, serious and permanent injuries and damages, including, but not limited to injuries to his spine, back, neck and knee, in addition to shock and injury to nerves and nervous system and other injuries, the extent of which are not yet fully known, but are alleged to be permanent in nature. He also lost his freedom, as he was incarcerated for an extended period of time because of Defendant Wells Fargo's actions and/or inactions.

  15. Plaintiff was made to suffer further great pain and agony, humiliation, embarrassment, and emotional distress, any and all of which are alleged to continue indefinitely and permanently, as well as his freedom due to being detained and incarcerated.

16. As a further result of the aforesaid incident, Plaintiff had already and will be obligated in the future to receive and undergo medical attention and care, to Plaintiff's great detriment and loss.

17. As a further result of the aforesaid incident, Plaintiff had already and will continue to suffer future mental and emotional anguish, emotional suffering, loss of the pleasures of life and other non-economic losses.

18. As a further result of the aforesaid incident, Plaintiff has incurred and will continue to incur financial expenses and losses, including the costs of medical care and attention.

19. As a further result of the aforesaid incident, Plaintiff in the past and will continue in the future to suffer impairment of earnings and will be hindered and prevented from engaging in his usual and customary duties, occupations, pleasures and activities of his daily living to which he was accustomed and the Defendants are liable for such losses.

WHEREFORE, Plaintiff demands judgment against all Defendants each, jointly and severally, for sums in excess of Fifty Thousand Dollars ($50,000.00). Further, all Defendants are jointly and severally liable to Plaintiff for Plaintiff's accident and injuries together with interest and costs of suit.

### Count IV – Vicarious Liability – Wells Fargo

20. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

21. Defendant Wells Fargo is vicariously liable for negligent acts of agents, servants or employees under its control or management.

22. On the date in question, Employee/Defendant Mr. Rumpf and the other employees at that Bank, were agents, servants and/or employees of Defendant Wells Fargo.

23. Defendant Rumpf and the other employees at the bank were negligent in their care and treatment of Plaintiff, as more specifically described herein.

24. Defendant Wells Fargo is vicariously liable for the negligent acts of the individuals described herein, which caused Plaintiff to incur great pain, suffering, and false imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants each, jointly and severally, for sums in excess of Fifty Thousand Dollars ($50,000.00). Further, all Defendants are jointly and severally liable to Plaintiff for Plaintiff's accident and injuries together with interest and costs of suit.

### Count V – False Imprisonment – All Defendants

25. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

26. Defendant Wells Fargo is vicariously liable for negligent acts of agents, servants or employees under its control or management.

27. On the date in question, Employee/Defendant Mr. Rumpf and the other employees at that Bank, were agents, servants and/or employees of Defendant Wells Fargo.

28. Defendant Rumpf and the other employees at the Bank unlawfully, inappropriately, recklessly, negligently and/or carelessly detained the Plaintiff, and said action led to Plaintiff's false imprisonment and wrongful incarceration.

29. Defendant Wells Fargo, its employees, including Defendant Rumpf gave false and misleading testimony to the police, which lead to Plaintiff's false imprisonment and wrongful incarceration.

30. Defendant Wells Fargo, its employees, concealed, spoiled, changed, modified, deleted and/or tampered with the video footage and evidence of the assault, actions which led to Plaintiff's false imprisonment and wrongful incarceration.

31. Defendant Wells Fargo is vicariously liable for the negligent acts of the individuals described herein, which caused Plaintiff to incur great pain, suffering, and false imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants each, jointly and severally, for sums in excess of Fifty Thousand Dollars ($50,000.00). Further, all Defendants are jointly and severally liable to Plaintiff for Plaintiff's accident and injuries together with interest and costs of suit.

## Count VI – Assault and Battery – Defendant Rumpf

32. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

33. On the date in question, Employee/Defendant Mr. Rumpf assaulted the Plaintiff by tackling him, striking him, taking him to the ground and unlawfully physically detaining him.

34. Defendant Rumpf intentionally assaulted the Plaintiff, as described hereinbove, which caused the Plaintiff serious and permanent personal injuries, as described in more detail hereinabove.

35. Defendant Rumpf is liable for his intentional acts of assault and battery as described herein, which caused Plaintiff to incur great pain, suffering, and permanent injuries.

WHEREFORE, Plaintiff demands judgment against all Defendants each, jointly and severally, for sums in excess of Fifty Thousand Dollars ($50,000.00). Further, all Defendants

are jointly and severally liable to Plaintiff for Plaintiff's accident and injuries together with interest and costs of suit.

### Count VII – Fraudulent Concealment (i.e. spoliation) – All Defendants

36. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

37. Upon information and belief, the Bank had video surveillance cameras that recorded the area where the assault took place.

38. Upon information and belief, the Defendants, collectively or individually, including employees of the Bank, destroyed, altered, concealed, spoiled, changed, modified, deleted and/or tampered with the video footage of the assault, and said actions lead to Plaintiff's false imprisonment and wrongful incarceration of the Plaintiff.

39. The Defendants, by and through their representatives, agents and/or employees improperly and illegally destroyed and/or concealed a critical piece of evidence in this matter, that being the video recording of the assault.

40. Since the video recording was in the exclusive control of the Defendants, Plaintiff could not have reasonably obtained this information from any other source.

41. The Defendants intentionally and/or negligently destroyed this critical piece of evidence which is overwhelmingly important to Plaintiff's case, and lead to the Plaintiffs' wrongful incarceration.

42. The Plaintiff is clearly damaged by having to rely upon an evidential record which does not contain this critical piece of evidence that the Defendants destroyed, altered, modified, deleted, as more particularly described herein.

43. The Defendants had a legal obligation to preserve and make available to Plaintiff this

critical piece of evidence but failed to do so and apparently intentionally destroyed same.

44. The Defendants, and their respective representatives, agents, servants and/or employees, engaged in willful concealment and destruction of evidence knowing that there was a claim being made and/or legal actions that were going to be filed.

45. In the alternative, the Defendants and their respective representatives, agents, servants and/or employees negligently concealed and/or destroyed evidence critical to this matter.

46. The absence of this critical video recording substantially impairs the ability for Plaintiff to prove the allegations of the other counts set forth in the within Complaint.

47. The Defendants, and their representatives, agents, servants and/or employees are liable to the Plaintiff because compensatory and punitive damage is based upon the tort of spoliation of evidence (also known as the fraudulent concealment of evidence).

WHEREFORE, Plaintiff demands judgment against all Defendants each, jointly and severally, for sums in excess of Fifty Thousand Dollars ($50,000.00). Further, all Defendants are jointly and severally liable to Plaintiff for Plaintiff's accident and injuries together with interest and costs of suit.

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to the Rules of the Court, JAMES W. SUTTON, III, ESQUIRE, is hereby designated as trial counsel of the within matter.

Date: 10/24/16         By: _____
                          James W. Sutton, III, Esquire
                          Attorney for Plaintiff
                          1014 Mill Creek Drive
                          Feasterville, PA  19053
                          (215) 364-7900

## L.Civ.R.11.2 CERTIFICATION

I am not aware of any other court case, arbitration or administrative proceeding involving the matter in controversy herein.

I certify under penalty of perjury that the foregoing is true and correct

Executed on __10/26__, 2016

_____
JAMES W. SUTTON, III, ESQUIRE